## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Kim D. JORDAN, Attorney at Law.

Supreme Court

*No. 89-1876-D. Decided February 12, 1992.*

(Also reported in 479 N.W.2d 535.)

### *ORDER*

On June 6, 1991 the referee, the Honorable John A. Fiorenza, reserve judge, filed a report recommending that the license of Attorney Kim D. Jordan be revoked as discipline for misconduct. That misconduct consisted of Attorney Jordan's failure to promptly return the unearned portion of a retainer to a bankruptcy client, his failure to timely commence a bankruptcy proceeding on behalf of two clients, converting $6600 of a divorce client's funds to his own use and misrepresenting to the Board of Attorneys Professional Responsibility that he had returned the funds and charging a client an excessive fee for representing her in a divorce, neglecting that matter and misrepresenting to the Board the services he

performed in it. In addition, Attorney Jordan failed to respond to inquiries from his clients in those matters and failed to timely respond to inquiries from the Board during its investigation.

Attorney Jordan was licensed to practice law in Wisconsin in 1973 and practiced in Milwaukee county. In November, 1991, he was suspended from the practice of law for failure to pay assessments to the Board of Attorneys Professional Responsibility and the Board of Bar Examiners. He has not previously been the subject of an attorney disciplinary proceeding.

While the referee's report was pending, Attorney Jordan filed a petition for the revocation by consent of his license to practice law. In that petition, he stated that he could not successfully defend against the allegations of professional misconduct concerning which the referee made his findings and conclusions. Attorney Jordan also asked that, in the event the court accepted his petition, his appeal from the referee's report and recommendation be dismissed.

IT IS ORDERED that the revised petition for license revocation by consent pursuant to SCR 21.10 is granted and the license of Kim D. Jordan to practice law in Wisconsin is revoked, effective January 23, 1992.

IT IS FURTHER ORDERED that the appeal of Kim D. Jordan in this proceeding is dismissed.

IT IS FURTHER ORDERED that within 60 days of the date of this order Kim D. Jordan pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Kim D. Jordan comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

Marilyn L. Graves
Clerk of Supreme Court