IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Kim D. JORDAN, Attorney at Law.

Supreme Court

*No. 92-0396-D. Filed November 12, 1992.*

(Also reported in 491 N.W.2d 91.)

PER CURIAM. *Attorney disciplinary proceeding; restitution ordered.*

We review the recommendation of the referee that the license of Kim D. Jordan to practice law in Wisconsin be revoked as discipline for professional misconduct. That misconduct consisted of depositing client funds into his law office account rather than a trust account and converting those funds to his own use. The referee further recommended that the court require Mr. Jordan

to make restitution to those harmed by his professional misconduct.

Because the court revoked Mr. Jordan's license to practice law on February 12, 1992, on his petition for license revocation by consent, as discipline for professional misconduct considered in a prior proceeding, *Disciplinary Proceedings Against Jordan,* 166 Wis. 2d 369, 479 N.W.2d 535 (1992), revocation of his license for professional misconduct considered in this proceeding would be superfluous. Accordingly, we review the referee's recommendation in this matter as it addresses the issue of restitution. We determine that Mr. Jordan should be required to make restitution to the client who incurred expenses as a result of his misconduct and to the State Bar of Wisconsin Clients' Security Fund, which made a payment to the client for the loss of her funds Mr. Jordan converted.

Mr. Jordan was licensed to practice law in Wisconsin in 1973 and, prior to his license revocation, practiced in Milwaukee county. In answer to the Board's complaint in this proceeding, he refused to make any statement, asserting his right against self-incrimination. Based on the testimony and documentary evidence presented at the disciplinary hearing, the referee made the following findings of fact.

In September, 1988, a woman retained Attorney Jordan to probate the estate of her deceased husband. That estate consisted solely of a savings account with a balance of $20,441.87. Although the client was named personal representative and domiciliary letters were issued to her, Attorney Jordan misrepresented to her that it was necessary that he take possession of the funds in that account. He did so and deposited them into his law office account. Shortly thereafter, he had overdrawn that account, thereby converting all of the estate funds.

In December, 1989, when he appeared in probate court to close the estate, Attorney Jordan gave the client two checks, one payable to her in the amount of $13,627.90 and the other to one of her children in the amount of $3,406.97. He told his client that he would send her another check in the amount of $3,406.97 payable to her and the decedent's other child, who was also entitled to share in the estate. When the checks were deposited for collection, they were dishonored because Attorney Jordan's trust account on which they were drawn had been closed.

Thereafter, the client made numerous attempts to contact Attorney Jordan but he did not return her calls. The client eventually contacted Attorney Jordan at his office and demanded payment of the $20,000, to which Attorney Jordan responded that he had had financial problems but would be able to repay her soon. In January, 1990 he gave the client $3,000 as partial payment of the money owing to her but made no other payments. The client subsequently retained counsel to bring an action against Attorney Jordan for recovery of the money.

The referee concluded that Attorney Jordan's deposit of client funds into his law office account rather than a trust account violated SCR 20:1.15(a)[1] and that

---

[1]SCR 20:1.15 provides:

**Safekeeping property.**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the

his conversion of the funds to his own use violated SCR 20:1.15(a) and 20:8.4(c).[2]

In early 1992 the client received $17,441.87 from the State Bar Clients' Security Fund after having filed a claim against Attorney Jordan. That fund, furnished by assessments of all active members of the State Bar, was created by the court to reimburse losses caused to the public by the dishonest conduct of a member of the Wisconsin bar. SCR chapter 12. As part of his recommendation for disposition of this proceeding, the referee recommended that Mr. Jordan be ordered to make restitution to the Clients' Security Fund in the amount of its payment, as well as interest on the amounts owing to the client from October 26, 1988 in varying amounts and at statutory rates. In addition, the referee recommended that Mr. Jordan be required to make restitution to the client in the amount of $113 for expenses she incurred in bringing the action against him for recovery of the funds

---

lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, trust company, credit union or savings and local association authorized to do business and located in Wisconsin, which safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation this provision shall not supersede the trust account rules of such other state.

[2]SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

he converted. Finally, the referee recommended that Mr. Jordan be required to pay the costs of this proceeding.

We adopt of the referee's findings of fact and conclusions of law concerning Attorney Jordan's professional misconduct and would accept the recommendation for license revocation as discipline for that misconduct were it not for the fact that less than one year ago we revoked his license for other professional misconduct. At the time of that revocation, the matter considered in the instant proceeding was under investigation by the Board.

We do accept the referee's recommendation regarding restitution. It is appropriate that Mr. Jordan be required to make restitution to the client and to the Clients' Security Fund in the amount of its payment to the client. In order that it be full restitution, the amount thereof shall include interest as recommended by the referee.

IT IS ORDERED that within 60 days of the date of this order Kim D. Jordan make restitution to the client harmed by his misconduct considered in this proceeding in the amount of $113.

IT IS FURTHER ORDERED that within 60 days of the date of this order Kim D. Jordan make restitution to the Clients' Security Fund of the State Bar of Wisconsin in the amount of $17,441.87, plus interest as set forth in the referee's report in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order Kim D. Jordan pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.